**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Giancarlo Marcellino,** *et al.***,** | ) | **CASE NO. 1: 12 CV 398** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Sears, Roebuck & Co.,** *et al.***,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

This is a removed negligence case.  Pending before the Court is the Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6) of Defendants Sears Holdings Corporation, Sears Holdings Management Corporation, and Sears Outlet Stores LLC.  (Doc. 10.)  For the reasons stated below, the motion is granted.

**Facts**

Plaintiffs' complaint alleges that Plaintiff Giancarlo, or "Carlo," Marcellino "was a business invitee at Defendants' store located at 34225 Vine St., Eastlake, Ohio" on April 3, 2010, "when the Defendants individually and/or by and through their agents and/or employees . . . negligently created, and/or negligently failed to either remedy or warn invitees

1

of[] a hidden dangerous condition on the premises, improperly placed merchandise/product display or displays on the store premises, which hidden dangerous condition was not readily discernible or open and obvious." The alleged "hidden dangerous condition directly and proximately caused the Plaintiff, Carlo Marcellino, to trip and fall [and sustain] permanent injuries." (Complt., ¶ 2.) Plaintiffs allege that "Defendant(s) John Doe(s) 1-2, agent(s) or employee(s) of Defendants, Sears, Roebuck & Co., Sears Holdings Corporation, Sears Holdings Management Corporation and/or Sears Outlet Stores LLC (hereinafter collectively "Sears"), set up [the] merchandise/product display or displays at Defendants' store located at or formerly located at 34225 Vine St., Eastlake, Ohio 44095." (Complt., ¶ 1.)

Marcellino alleges that, as a result of his trip and fall, he "suffered injuries to his person including his shoulder and other parts of his body, which injuries are permanent and have caused, and will in the future cause, the Plaintiff much pain, suffering, mental anguish, and loss of enjoyment of life." In addition, Marcellino alleges that he has incurred "reasonable medical, hospital, therapy and other related expenses" and "has lost income in an exact amount unknown at this time" and will incur further medical expenses and income losses. (Complt., ¶¶ 5, 6.) Plaintiff Karen Marcellino, Carlo Marcellino's wife, alleges that, "as a direct and proximate result of Defendants' negligent conduct, she has lost the services, comfort, consortium and happiness of her husband." (*Id.* at ¶ 7.)

Plaintiffs name as defendants: (1) Sears, Roebuck & Co. (Sears Roebuck); (2) Sears Holdings Corporation (SHC); (3) Sears Holdings Management Corporation (SHMC); Sears Outlet Stores LLC (Sears Outlet); and unnamed John Doe defendants "1-2, agent(s) or employee(s) of Defendants who were working at the Sears store #09608 located at 34225

2

Vine St., Eastlake, Ohio . . Name(s) and Address(es Unknown)." No facts are alleged in the complaint as to the defendant corporations or the relationships among them.

Defendants removed the case to this Court on February 17, 2012.[1] SHC, SHMC, and Sears Outlet (the moving defendants) now move the Court for and order dismissing the complaint against them. In support of their motion, the moving defendants submit three affidavits of David Halffield, in his capacities as Assistant Corporate Secretary for SHC and Assistant Corporate Secretary for SHMC. (Exhs. A-C of Def. Mot.) Halffied states in his affidavits that Sears Roebuck is a broadline retailer providing merchandise and related service through Sears-branded and affiliated stores in the United States, including "Sears Hardware." Halffield asserts that the store identified in plaintiffs' complaint is a former Sears Hardware store which is now closed. (Ex. C, ¶¶ 6-7.) Halffield asserts that the Sears Hardware store at issue in the complaint is a division of Sears Roebuck and was at all times under the exclusive control and management of Sears Roebuck. (Ex. C, ¶¶ 7, 8.)

Halffield asserts that Sears Outlet is an out-of-state wholly-owned subsidiary of Sears Roebuck (which in turn is a wholly owned subsidiary of SHC) and that Sears Outlet "had no control or management authority over [the Sears Hardware store identified in plaintiffs' complaint] at any time. (*Id.*, ¶ 8.) Halffield asserts that SHC and SHMC are also out-of-state corporations that do not have any day to day management authority over the retail stores of

---

[1] Plaintiffs did not move to remand the action and have not contested defendants' assertion in the removal petition that the amount in controversy exceeds the jurisdictional threshold of $75,000. Given this, and that the removal statute provides that "the citizenship of defendants sued under fictitious names [*i.e*., the John Doe defendants] shall be disregarded" for purposes of removal jurisdiction (28 U.S.C. 1441(b)(1)), the Court appears to have proper diversity jurisdiction over the case.

their subsidiaries. SHC and SHMC maintain separate corporate books, hold separate corporate meetings, and file their own tax returns. (Exs. B and C.) In addition, Halffield's affidavits indicate that SHC and SHMC do not have jurisdictional contacts with this jurisdiction. Specifically, Halffield states that SHC and SHMC are not licensed to do business in Ohio; do not have offices or employees in Ohio; do not own or directly lease any property in Ohio; do not pay taxes in Ohio; do not have an Ohio telephone listing or address or advertise in Ohio; and do not sell, design, distribute, or manufacture any products in Ohio.

**Discussion**

The moving defendants argue they are entitled to a dismissal of plaintiff's complaint against them under Fed. R. Civ. P. 12 for three reasons. First, they argue dismissal is warranted for lack of "subject matter jurisdiction" under Fed. R. Civ. P. 12(b)(1) because plaintiffs "lack standing to sue" them "since it is undisputed that SHC, SHMC, and Sears Outlet had no control or association with the Sears Hardware store at issue." (Mem. at 8.) Second, the moving defendants argue that plaintiffs have failed to plead a plausible claim for negligence against them and, therefore, the complaint should be dismissed as against them pursuant to Fed. R. Civ. P. 12(b)(6), because the moving defendants did not have any control or management over the Sears store where plaintiff was allegedly injured; rather, Sears Roebuck had exclusive control. Third, the moving defendants contend the Court lacks personal jurisdiction over SHC and SHMC because, as demonstrated in Halffield's affidavits, those defendants have no jurisdictional contacts with this forum.

In support of their motion to dismiss, the moving defendants point out that Corporate

4

Disclosure Statements on file in the case indicate that the moving defendants are parent or subsidiary corporations of Sears Roebuck.  Corporate Disclosure Statements on file indicate that Sears Roebuck "is a wholly owned subsidiary of [SHC]," SHC is a parent corporation, and SHMC and Sears Outlet are wholly owned subsidiaries of Sears Roebuck.  (Def. Rep. at 2, citing Corporate Disclosure Statements on file at Docket Nos. 2-5.)  In addition, the moving defendants also point out that Sears Roebuck has filed an answer in the case admitting that it operated the Sears retail store in question.  (*See* Doc. 9.)

Plaintiffs oppose the motion to dismiss, asserting that the motion is "premature" and that they should be given an opportunity to engage in discovery "to determine Defendants' corporate structure, identify the parties responsible for Plaintiffs' injuries and respond to Defendants' motions."  (Opp. at 2.)  Plaintiffs assert that they should be permitted to obtain discovery to determine what control, if any, Defendants had over the store where Plaintiff fell."  (Opp. at 4.)  To support their position that the motion to dismiss is "premature," plaintiffs rely solely on statements made on SHC's and SHMC's websites, in which SHC describes itself as "the [nation's] largest provider of home services" that "operates through its subsidiaries, including Sears Roebuck."  Plaintiffs contend these statements demonstrate "a basis for Plaintiffs' claim that Defendant SHC exercises control over the Sears' store employees who created the hazard and/or cloaks such employees with apparent authority."  (Opp. at 6.)  Plaintiffs point out that Fed. R. Civ. P. 12(d) provides that when a court considers matters outside of the pleadings on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to

5

[such] motion." *See* Fed. R. Civ. P. 12(d).  The only argument plaintiffs make in response to the moving defendants' argument that the Court lacks personal jurisdiction over SHC and SHMC is that the Court has personal jurisdiction over SHC on the basis of a March 7, 2012 newspaper article reporting the closure of Sears stores in Ohio and stating that SHC "operated more than 4,000 locations in the United States and Canada, including 24 Sears in northeast Ohio."  (Opp. at 6.)

The moving defendants' motion to dismiss the complaint against SHC, SHMC, and Sears Outlet is granted pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(2).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint.  In order to survive a motion to dismiss, a complaint's factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.  *Ass'n of Cleveland Firefighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).  That is, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "Although this is a liberal pleading standard, it requires more than the bare assertion of legal conclusions.  Rather, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *First Am. Title Co. v. Devaugh*, 480 F.3d 438, 444 (6th Cir.2007) (quoting *Se. Tex. Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 671-72 (6th Cir.2006)).  In determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court primarily considers the allegations in the complaint; however, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the

complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

The pleadings and filings of record demonstrate that Sears Roebuck controls and manages the Sears Hardware store in question where plaintiff Carlo Marcellino was injured and is the proper corporate defendant in the case. The complaint does not allege sufficient facts to raise a right to relief against the moving defendants above a speculative level in that the complaint does not allege facts indicating that the moving defendants – parent and subsidiary corporations of Sears Roebuck – may be liable to them under a viable legal theory. The complaint does not allege any facts suggesting that employees or agents of the moving defendants created the alleged latent hazard at the Sears Hardware store and does not allege facts suggesting that it is appropriate to pierce the corporate veil of the moving defendants.

Corporations are distinct legal entities under Ohio law. In order to "pierce the corporate veil" of a corporation and hold it liable for the conduct of an individual shareholder or subsidiary, it must be shown that: "(1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong." *RCO Int. Corp. v. Clevenger*, 180 Ohio App.3d 211, 214 (Ohio App. 2008). Plaintiffs' complaint does not allege facts indicating that the moving defendants satisfy these requirements and exercised complete control over Sears Roebuck such that Sears Roebuck had no separate mind, will, or existence of its own and exercised such control to commit an illegal act. The complaint does not

7

mention the word control or allege that it is appropriate to pierce the corporate veil.

Furthermore, the website statements plaintiffs rely on in their opposition brief (even if there were alleged in plaintiffs' complaint) are insufficient to raise a right to relief against the moving defendants above a speculative level. The websites on which plaintiffs rely simply state that SHC "operates through its subsidiaries," including Sears Roebuck. Contrary to plaintiffs' contention, this representation does not suggest that SHC "controlled" Sears Roebuck such that Sears Roebuck has no separate mind, will, or existence of its own or that SHC's exercised such control over Sears Roebuck in such a manner as to commit fraud or an illegal act as Ohio law requires in order to pierce the corporate veil of SHC and hold it liable for the negligence of a subsidiary. Furthermore, plaintiffs do not allege or cite *any* information suggesting that SHMC or Sears Outlet control Sears Roebuck.

In short, the filings of record properly considered on a motion to dismiss under Rule 12(b)(6) indicate that the moving defendants are distinct corporations from Sears Roebuck, and the Court cannot assume these defendants may be liable. Rather, it is plaintiffs' obligation to set forth facts suggesting that these defendants are liable under some viable legal theory. The complaint fails to allege such facts.[2] Accordingly, the complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiffs have also failed to demonstrate that the Court has personal jurisdiction over SHC and SHMC. When a defendant files a motion to dismiss for lack of personal

---

[2] This conclusion can be reached from the pleadings and filings of record alone. Therefore, it is not necessary to consider Halffield's affidavit for purposes of the moving defendants' motion under Rule 12(b)(6) or to convert the 12(b)(6) motion into a motion for summary judgment.

jurisdiction, the plaintiff has the burden of establishing that personal jurisdiction over the defendant exists. *Noegen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). In deciding a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the court may consider matters outside of the pleadings without converting the motion to dismiss into a motion for summary judgment. *Becker v. Rotary Air Force Management, Inc.*, Case No. 06-13432, 2007 WL 677895, at * 4 (E.D. Mich. 2007). When the court does not conduct an evidentiary hearing on the issue, the plaintiff "need only make a *prima facie* showing of jurisdiction." *Noegen,* 282 F.3d at 887. The plaintiff can meet this burden by establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction. *Id*. The pleadings and documentary evidence submitted are considered in the light most favorable to the nonmoving party. *Intera Corp. v. Henderson*, 428 F.3d 605, 614 (6th Cir. 2005).

In order to demonstrate that an Ohio court has personal jurisdiction over a nonresident defendant, the plaintiff must show that the defendant's conduct falls within Ohio's long-arm statute (Ohio Rev. Code § 2307.382)[3] and that an exercise of jurisdiction comports with the

---

[3]Ohio Rev. Code § 2307.382 provides:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or

requirements of due process. *Id*. at 615.

Plaintiffs have not stated a basis for an assertion of personal jurisdiction over SHC and SHMC under Ohio's long arm statute. Plaintiffs do not purport to state or set forth any facts indicating that SHMC has jurisdictional contacts with this forum. Halffield's sworn affidavits state that SHC and SHMC are not licensed to do business in Ohio and do not have any offices or employees here.

The newspaper article plaintiffs cite in their opposition brief states that "Sears Holdings operates more than 4,000 locations in the United States and Canada, including 24 Sears and 19 Kmart stores in Northeast Ohio." However, as noted above, the pleadings and documentary evidence on file in the case indicate that SHC does not have any contacts with Ohio and is the parent corporation of Sears Roebuck. "[A] non-resident parent corporation is amenable to suit in the forum state if the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for purposes

---

impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

of jurisdiction." *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp.*, 545 F.3d 357, 362 (6th Cir. 2008) (citation omitted). Plaintiffs have not alleged facts sufficient to support a reasonable conclusion that SHC "controlled" Sears Roebuck in this manner to this degree.

Accordingly, plaintiffs have failed to make a *prima facie* showing of personal jurisdiction over either SHC and SHMC, and the Complaint must be dismissed against them pursuant to Fed. R. Civ. P. 12(b)(2).

**Conclusion**

For the reasons stated above, defendants' motion to dismiss the complaint as against Sears Outlet, SHC, and SHMC is granted pursuant to Fed. Rule of Civ. P. 12(b)(6) and 12(b)(2). Plaintiffs' complaint does not allege facts sufficient to state a claim for negligence against the moving defendants, and plaintiffs have failed to make a *prima facie* showing that the Court has personal jurisdiction over SHC and SHMC.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 7/2/12